UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

Brandon Lee Schiefel # 495212

(Enter above the full name of the plaintiff(s), including prisoner number, in this action. If you cannot list all plaintiffs in the space provided, please write "see attached" and list all names on an additional page.)

v.

Unknown Barton, Unknown Barber
Unknown Hooson

(Enter above the full name of the defendant(s) in this action. If you cannot list all defendants in the space provided, please write "see attached" and list all names on an additional page.)

**FILED - GR**
December 22, 2022 12:13 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: KB 12/22

1:22-cv-1216
Phillip J. Green
U.S. Magistrate Judge

## COMPLAINT
*(Print Clearly)*

I. **Previous Lawsuits**

**CAUTION:** The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in federal courts without prepayment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $402.00 filing fee regardless of whether your complaint is dismissed.

A. Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility?   Yes ☐   No ☑

B. If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

  1. Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

  2. Is the action still pending?   Yes ☐   No ☐

     a. If your answer was no, state precisely how the action was resolved: _____

  3. Did you appeal the decision?   Yes ☐   No ☐
  4. Is the appeal still pending?   Yes ☐   No ☐

     a. If not pending, what was the decision on appeal? _____

  5. Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit? Yes ☐   No ☐

     a. If so, explain: _____

II. **Parties**

A. Plaintiff(s)

Enter your name, place of confinement, address, and place of confinement during the events described in the complaint in the blanks below. Provide the same information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff Brandon Lee Schiefel #495212

Place of Present Confinement Carson City Correctional facility

Address 10274 Boyer Rd Carson City MI 48811

Place of Confinement During Events Described in Complaint Carson City Correctional facility.

B. Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. Provide the same information for each additional defendant. If there are more than six defendants attach extra sheets as necessary.

Name of Defendant #1 Unknown Barton #1160318
Position or Title Correctional officer
Place of Employment Carson City Correctional facility
Address 10274 Boyer Rd Carson City MI 48811
Official and/or personal capacity? Personal capacity

Name of Defendant #2 Unknown Barber
Position or Title Sergeant / Shift command
Place of Employment Carson City Correctional facility
Address 10274 Boyer Rd Carson City MI 48811
Official and/or personal capacity? Personal capacity

Name of Defendant #3 Unknown Houson
Position or Title Sergeant / Shift comand
Place of Employment Carson City Correctional facility
Address 10274 Boyer Rd Carson City MI 48811
Official and/or personal capacity? Personal capacity

Name of Defendant #4
Position or Title
Place of Employment
Address
Official and/or personal capacity?

Name of Defendant #5
Position or Title
Place of Employment
Address
Official and/or personal capacity?

- 3 -                          (W.D. Mich. Form – Last Revised: September 2021)

III. **Statement of Claim**

State here the **facts** of your case. Describe how each defendant is personally involved. Include also the names of other persons involved, dates and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. **Do not include unrelated claims.** Use as much space as you need. Attach extra sheets if necessary.

On 12-8-20 the Plaintiff was in a physical altercation with another inmate, (Inmate Taylor). The Plaintiff was moved to another unit 1200 unit shortly after do to a request for protection from inmate Taylor. On 3-4-21 The Plaintiff speaks with the Security Classification Commitee (S.C.C) about his need for seperation from Taylor. S.C.C explains to Plaintiff they need room in Protective Custody and will keep Taylor and Schiefel (Plaintiff) in seperate units. Schiefel agrees to come off P.C. The Plaintiff is then moved to cell 18 in 1200 unit. On 3-24-21 Prisoner Taylor is moved into cell 18 in 1200 unit with the Plaintiff. Taylor should never have been moved into the cell with the Plaintiff do to Plaintiff's request for protection and the MDOC having a policy directive designed to keep inmates who have assaulted on another seperate, called a SPON. The Plaintiff and Taylor both informed officers Barton and Dill of the past fight and need for seperation. Officer Barton forced Taylor into the Cell anyway violating policy 03.03.130 and acted with deliberate indifference to Plaintiff's reasonable right to be protected from assault. The Plaintiff began hitting the emergency button, at this time Defendant Barton and C/o Dill responded. Both the Plaintiff and Taylor tried to tell officers the lock wouldn't work and would end in a fight. Barton then laughed and said "It looks like it's working if you aint fighting." They then walked away. At this point Taylor sucker punches the Plaintiff and wrestles him to the ground. Taylor was standing over Plaintiff repeatedly punching him in the head and face when defendant Barton shot the Plaintiff in the back of the head with a tazer. One probe struck Taylor in the thigh the other hit Plaintiff head.

Statement of claim
(continued)

P.1

17.) Taser training teaches officers to aim for center mass avoiding "vital areas". Vital areas include head and groin areas, this is actually strictly prohibited because it can cause serious injury even death. The Plaintiff was on the ground with his hands protecting his face, Defendant Barton had no just reason to shoot the plaintiff with the taser. This gives cause that Barton may have been trying to cause harm to the Plaintiff intentionally, in violation of the 8th amendmant, Barton's failure to reasonably act knowing there was potential for assault to happen constitutes deliberate indifferance in violation of the 8th amendmant. Defendant Barton is also in violation of Policy Directive 03.03.130. Defendant Barton is a unit regular officer in 1200 unit which also means Barton should have been well aware of Plaintiff's need to be housed seperately from Taylor. (1200 is also the Protective Custody unit.) This gives reason to believe he acted with deliberate indifferance, in violation of the Plaintiffs right to be reasonably protected from assault.

18.) The Plaintiff immediately began experiencing blurred vission, nausea, sensitivity to light, ringing in his ears and shortly after a severe headache. When medical came to remove the taser probe from the plaintiff's head, the probe was lodged in his skull. The Plaintiff who was experiencing symptoms of a concussion and had an electrical probe lodged in his skull requested to speak with a real docter to have his head checked out. Medical as well as Defendant's Barber and Hooson denied the plaintiff adequate medical attention in violation of the eighth Amendmant.

Statement of Claim

P.2

Since this incident the plaintiff still suffers from headaches and blurred vision. The plaintiff also suffers from anxiety as a result of his injuries sustained during this incident.

Pursuant to 28 USC 1746, I declare under penalty of perjury that the forgoing is true and correct.
Brandon Schiefel #495212
Carson City Corr. Facility 10274 Boyer Rd
Carson City MI 48811

IV. **Relief**

State briefly and precisely what you want the court to do for you.

For the actions and in-actions by Defendant Barton resulting in the physical and emotional trauma of Plaintiff, The Plaintiff asks the court to award compensatory damages of $250,000. ~~The Plaintiff also request an injunction ordering~~ The Plaintiff also requests an injunction be issued ordering all corrections officers to wear body cameras to prevent future occurances like these.

V. **Notice to Plaintiff Regarding Consent**

In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, you are hereby notified that the United States magistrate judges of this district court may, upon your consent, conduct any or all proceedings in this case, including a jury trial and entry of a final judgment. If you consent, any appeal from a judgment entered by a magistrate judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Magistrate judges have greater flexibility in their schedules than district judges, who have heavy criminal caseloads that take priority over civil trials. Accordingly, the magistrate judges are generally able to schedule prisoner civil rights cases for jury trial much sooner, and they are able to provide firm trial dates. Magistrate judges are experienced trial judges who handle a great number of prisoner civil rights cases.

Your decision to consent to the dispositive jurisdiction of a United States magistrate is entirely voluntary. If you do not consent to a magistrate judge, the case will be randomly assigned to a district judge. The magistrate judge already assigned to this case would continue to decide all pretrial matters and would handle all dispositive motions by report and recommendation.

Please check **ONE** box below to indicate whether you voluntarily consent to proceed with a United States magistrate judge or if you would instead prefer that the case be assigned to a district judge.

[✓] I hereby voluntarily consent to the United States magistrate judge conducting all proceedings in this case, including entry of a final judgment and all post-judgment matters.

[ ] I request that this case be assigned to a district judge.

_____  _____
**Date**                **Signature of Plaintiff**


**NOTICE TO PLAINTIFF(S)**

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.

Brandon Scooper #995212
Carson City Corr. Facility
10274 Boyer Rd
Carson City MI 48811



U.S. District Court
399 Federal Building
110 Michigan St., NW
Grand Rapids, MI 49503