# Plaintiff's Response to defendants summary Judgement motion

Brandon Schiefel
    Plaintiff,

V

C/o Evan Barton, et al.,

    Defendants

No. 1:22-cv-1216

Mag. Phillip J. Green

**FILED - GR**
December 2, 2024 2:47 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY: KB 12/2

Brandon Schiefel #495212
In Pro Per
Bellamy creek correctional facility
1727 W Blue water HWY
Ionia, MI 48846

James E. Keathley (P77488)
Assistant Attorney General
Attorney for MDOC Defendant
Barton
Michigan Dept. of Attorney General
Corrections Division
P.O. Box 30217
Lansing MI 48909
(517) 335-3055

## Statement of facts

I Brandon Schiefel the plaintiff in this matter bring

forth this civil rights action under 42 U.S.C.

§ 1983 as

§ 1983 as a pro se litigant. I filed this complaint

on December 22, 2022. On December 8

2020 I was in a fight with another inmate

Robert Taylor (Taylor). After this fight

I began recieving threats from inmate Taylor

stating he would stab me if I didnt get off

the yard. I began seeking help from custody

staff and prison counselors who are in charge

of making moves. It took several months to

finally be moved into protective custody. I had to

file several grievences and actually walk out of my

cell at dinner time and refuse to return to recieve

1

Protection. In 1200 unit officer Barton was

a regular unit officer. I remained in protective

custody for a little over a month until March 4th of

2021. The prison counselor in 1200 unit promised I

would be kept seperate from inmate Taylor. On march

24th 2021 my cell door opened and I noticed

Taylor dragging a green duffel bag towards the

cell. When I saw Taylor I immediately became

afraid. Taylor saw me standing in the door said

I'm not going in there and returned to the officers

Station. I could hear Taylor arguing with Barton

about the lock. Barton then escorted Taylor

to cell 18 where I was housed. I began telling

Barton that Taylor and I had been in a fight

2

With Taylor a few months prior and that making

us lock together would end in a fight. (Schiefel Dep., Ex,

A, pg. 9 par. 25.) Upon hearing this defendant Barton

logically should have seperated us and contacted a sgt.

Instead he reached for his taser as if to pull it

out and ordered me onto my bunk. Out of fear

of being tazed I complied and retreated to the bunk.

At this time Taylor began exspressing to Barton

his concerns about a fight happening officer Barton

then gave Taylor a direct order to enter the cell.

Taylor hesitantly complied. Barton was given reasonble

information to draw the inference that an assault could

happen and refused to take reasonable steps to

abate it. He actually encouraged it by saying

3

"It looks like its working if you aint fighting."

(Adams Dec. Ex. B) (Glenn Dec. Ex. C) (Williams Dec. Ex. D)

At this point it is clear that Barton indeed drew

the inference and consciously disregarded the risk.

Soon therafter Taylor punches me wrestles

Me to the ground and continues to punch me repeatedly

in the head and face. (Adams Dec. Ex. B)

During the assault I was trying to protect my head

and get off the ground, to no avail. Soon after

Barton opens the cell door. He did not issue any

warning about a taser being deployed and within

Seconds of opening the door he shot his taser. Officer

Barton according to his declaration aimed for the

center mass of my back. (Barton Dec. Ex. E)

4

Barton also claims I was standing over Taylor

assaulting Taylor, However in his critical incident

report he alleges both inmates were "rolling around

on the ground" and he shot his taser towards

us rather than at one specific inmate. (Barton crit.

incident report Ex. F) This directly contradicts his

sworn declaration and goes against his taser training.

Barton has shown a pattern of reckless

disregard to inmate safety and should not be

granted summary judgement.

While being transported from segregation back

to my cell by officer White. White said "we

were down there waiting for the fight to happen

too bad you lost," (Schiefer Dec. Ex. G )

5

# Argument

I. Plaintiff's eighth Amendment Claims Succeed
   a matter of Law and Should not be dismissed.

A. Schiefer has demonstrated and proven Barton
   acted with deliberate indifference for his failure to
   protect Claim, Excessive force claim.

The federal constitution does not mandate comfortable
prisons, but neither does it permit inhumane* ones; the
treatment which prisoners recieve in prison, and the conditions
under which they are confined, are subject to scrutiny under
the constitutions eighth Amendment; in its prohibition of cruel
and unusual punishments, the eighth Amendment (1) places restraints
on prison officials, who may not use excessive physical force
against prisoners, and (2) imposes duties on prison officials,
who must provide humane conditions of confinement by insuring
that inmates recieve adequate food, clothing, shelter, and medical
care, and by taking reasonable measures to guarantee the safety
of inmates; under the eighth amendment, prison officials have
a duty to protect prisoners from violence at the hands of other
prisoners, and although prison conditions may be restrictive
and even harsh, gratuitously allowing the beating or rape of
one prisoner by another neither serves a legitimate penological
objective any more than it squares with evolving standards of
decency, and being violently assaulted in prison is not part of the
penalty that criminal offenders pay for their offenses

against society. (Farmer v. Brennan, 511 U.S. 825)

Barton was given multiple warnings by both plaintiff Schiefer and Taylor that a fight would occur if made to lock together. (ex. B. Adams Declaration, ex. C. Glenn Dec., ex. D. Williams Dec.) instead of seperating us he reached for his taser as if to pull it out and use it, causing fear and forced us one by one into the cell. (ex. A. Schiefer dep. pg. 10 par. 24) By reaching for his taser a reasonable jury could find that Barton suspected a threat and indeed drew the inference, then disregarded that risk by forcing us into the cell together. After being forced into the cell together we again tried to be seperated and informed Barton that a fight was imminent and the lock would not work, the plaintiff even expressed concerns for his safety and Barton simply laughed and said "It looks like it's working if you aint fighting." (ex. B Adams Dec., ex. C. Glenn Dec., ex. D. Williams Dec.) Barton again made a conscious descision to leave us in the cell together leading to Plaintiff's assault. Had Barton taken reasonable steps to abate the risk of the assault by seperating the two inmates, the plaintiff would not have suffered an assault. By saying "It looks like its working if you aint fighting" Barton indeed drew the inferrence and consciously disregarded the risk, therfore he should not be granted Summary judgement on this matter for failure to protect.

7

A plaintiff satisfies the subjective component of a deliberate indifference claim based on officials' failure to protect an inmate from a substantial risk of serious harm by showing that a jury could reasonably infer that (1) the official being sued subjectively percieved facts from which to infer a substantial risk to the prisoner, (2) the official did in fact draw the inference, and (3) the official then disregarded that risk. A plaintiff may rely on circumstantial evidence to prove a defendants subjective knowledge. Young v. Campbell Cty, 846 Fed Appx. 314 (6th cir. 2021)

Here the plaintiff asserts that Barton instead of taking reasonable steps to abate the harm, he instead laughed at the plaintiff (ex. B. Adams Dec., ex. C. Glenn Dec., ex. d. Williams dec.) showing that Barton had a requisite state of mind and prior knowledge that a risk was present and disregarded that risk, by saying "It looks like its working if you aint fighting" (ex. B. Adams Dec.) C/O white told the plaintiff that Barton, Dill, and himself were at the officers station waiting for the fight to happen. This again (ex. E. Schiefel Dec.) This again shows that Barton intentionally disregarded the risk to the plaintiffs safety. The plaintiff has produced enough evidence to satisfy both prongs of his failure to protect/deliberate indifference claims and summary judgement should not be granted as a matter of law.

     B. Plaintiffs excessive force claim satisfies both the subjective and objective prongs and should not be dismissed.

8

The eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous", nor may it contravene society's "evolving standards of decency." See Rhodes v. Chapman, 452 U.S. 337, 345-46 (1981) (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)). The eighth amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." Rhodes, 452 U.S. at 346 (quoting Gregg v. Georgia, 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." Id But not every shove or restraint gives rise to a constitutional violation. Parrish v. Johnson, 800 F.2d 600, 604 (6th Cir. 1986); see also Hudson v. McMillian, 503 U.S. 1, 9 (1992) (discussing that "not every push or shove... violates a prisoners constitutional rights" (citations omitted)). On occasion, "The maintenence of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law." Combs v. Wilkinson, 315 F.3d 548, 556 (6th cir. 2002) (citing Pelfrey v. Chambers, 43 F.3d 1034, 1037 (6th cir. 1995)). Prison officials nonetheless violate the eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." Williams v. Curtin, 631 F.3d 380, 383 (6th cir. 2011) "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated... Whether or not significant injury is evident." Hudson, 503 U.S. at 9

The fact that Barton encouraged a fight by saying "It looks like its working if you aint fighting." (ex. B. Adams Dec) He even

laughed, any reasonable jury could infer that Bartons actions were indeed done sadistically and maliciously. Instead of deploying his taser at the assailant he fired the taser at a non-recalcitrant inmate who was being attacked this violates the eighth Amendment. The video clip from the tasers recording does not show the entire event it rather only shows both inmates after being tased. Taylor who was standing at the side of the plaintiff when tased fell down beside the plaintiff. The video does not show the plaintiff attacking Taylor nor does it show the plaintiff trying to "dodge" the taser probes. It simply shows the plaintiff being struck in the head and falling forward unconcious. The video does not confirm Bartons side of events and is colorable. Barton contends that he aimed for the plaintiff's center mass (ex. E. Barton Dec.) in accordance to his training, the video does not confirm that. Rather Bartons critical incident report states that he fired his taser at both inmates who were "rolling around on the ground." (ex. F. Barton crit. incident report.) contradicting his sworn declaration. According to prisoner williams, when Barton and another officer returned to pack the plaintiff's property Williams heard one of the officers say "Atleast he's out of our unit now." (ex. D. williams Dec.) This statement could mean that the entire incident was to get the plaintiff moved out of the unit. Officer white who was also in the unit at the time of the incident, stated that he, Barton, and Dill were waiting for the fight to occur (ex. G. Schiffel Dec.) This statement means that all of Bartons actions pertaining to this incident were intentional and done with malice.

10

The plaintiff has succeeded in proving a genuine issue for trial and meets both objective and subjective prongs for his claim of excessive force prohibited by the eighth Amendment and respectfully requests the court deny the defendants motion for summary Judgement.

C. Defendant does not qualify for qualified immunity in this matter and should not be granted summary judgement.

Here Defendant Barton has violated several clearly established rights of the plaintiff. Barton has violated the plaintiffs eighth amendment by failure to protect as well as excessive force. The plaintiff has clearly satisfied all elements for his claims against Barton. And plaintiff has proven that Barton knew of risks of harm to the plaintiff and Barton disregarded that risk. Eighty Amendment failure to protect rights are clearly established and Barton or any reasonable person should know of them. Barton especially should know as MDOC policies also enforce these rights and all employees are to abide by these policies per their contract with MDOC, and work under color of law. Barton did not respond reasonably to this incident and acted maliciously and sadistically toward the plaintiff resulting in the plaintiffs injuries and should be held responsible as a matter of law. Therfore Bartons summary judgement on this matter should be denied.

11

# Conclusion

The plaintiff has presented to this honorable court enough evidence to prove there is a genuine issue of material fact for trial and should be allowed to continue forward in all claims against Barten in trial. Plaintiff Schiefel respectfully requests this honorable court deny Bartons summary judgement motion on all matters.

Respectfully submited

Brandon Schiefel #495212

Dated 10-12-24

Brandon schiefel #495212
Bellamy creek correctional facility
1727 W. Bluewater Hwy
Ionia MI 48846

Office of
United States
399 Federal bu
110 michigan
Grant rapids





the Clerk
District court
ding
N.W.
Michigan 49503-2363

# 1-195212

US POSTAGE PITNEY BOWES

ZIP 49201
02 4W
0000376916 NOV 27 2024

$ 002.87⁰

Microplex ME 480 ZIP
WED 27 NOV 2024 PM