UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON SCHIEFEL #495212,

    Plaintiff,

v

C/O EVAN BARTON, *et al.*,

    Defendants.

NO. 1:22-cv-1216

MAGISTRATE JUDGE
PHILLIP J. GREEN

_____/

| | |
|---|---|
| Brandon Schiefel #495212<br>*In Pro Per*<br>Bellamy Creek Correctional Facility<br>1727 West Bluewater Highway<br>Ionia, MI 48846 | James E. Keathley (P77488)<br>Assistant Attorney General<br>Attorney for MDOC Defendant Barton<br>Michigan Dept. of Attorney General<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI  48909<br>(517) 335-3055<br>keathleyj@michigan.gov |

_____/

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF
HIS MOTION FOR SUMMARY JUDGMENT**

**A.  Schiefel cannot demonstrate that Barton had the requisite culpable state of mind for his failure to protect claim.**

For a plaintiff to prove his failure to protect claim, there must be evidence that the prison official had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  A plaintiff bears the burden of presenting sufficient evidence that the individual defendants were deliberately indifferent to a substantial risk of serious harm to the plaintiff, and that they disregarded that risk. *Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016).

The risk posed to an inmate, must be excessive or pose a substantial risk of serious harm, and "[t]he known risk of injury must be 'a strong likelihood, rather than a mere possibility' before a guard's failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990).  A prisoner may not rely on "a general concern," but must instead identify a "specific, known risk to his safety." *Gant v. Campbell*, 4 F. App'x 254, 256 (6th Cir. 2001).

Schiefel has failed to produce evidence to show Barton acted with the requisite state of mind for his failure to protect claim.  As argued in Defendant's motion for summary judgment, Schiefel, at most, informed Barton of his belief that there would be a fight at some point in the future. (*See generally* ECF No. 25.) Schiefel's response further demonstrates this.  In support of his response, Schiefel attached four declarations from himself and three other inmates; however, none demonstrate that Barton was informed of the required specific, known risk to Schiefel's safety. (*See generally*, ECF No.'s 29-3, 29-4, 29-5, 29-8.)  The evidence provided by Schiefel shows that, at most, Barton was informed of a mere possibility of a fight in the future. (*Id.*)  However, a mere possibility of future harm is insufficient. *Gant*, 4 F. App'x at 256.  Even assuming the statements alleged by Schiefel could cause a reasonable person to infer that there was substantial risk of serious harm to Schiefel, it is apparent that Barton did not draw this inference. (ECF 25-3.)  The only evidence which Schiefel has produced to even suggest that Barton did draw such an inference, is contained within his own declaration attached to his response, recounting a statement attributed to an Officer White. (ECF No. 29-

8.) However, such a statement is inadmissible hearsay. Evidence as submitted in an affidavit support of, or in opposition to, a motion for summary judgment, must be admissible evidence. FRCP 56(c)(4). Hearsay cannot be considered at the summary judgment stage. *Livingston Christian Sch. v. Genoa Charter Twp.,* 858 F.3d 996, 1008 (6th Cir. 2017). The same evidentiary rules apply to evidence offered by a *pro se* litigant. *Hurick v. McKee*, No. 17-1396, 2018 WL 4908138, at *3 (6th Cir. 2018.) Therefore, any such statement should be disregarded, as it is inadmissible.

As such, Schiefel cannot show that Barton actually drew the inference that Schiefel was in danger, as is required for his claim. *Rich v. Bruce*, 129 F.3d 336, 240 (4th Cir. 1997). At best, Schiefel's allegations are that Barton was informed that Schiefel and Taylor may fight at some point, not that there was an immediate threat to Schiefel. However, the mere possibility of a fight at some point at some time in the future, is not sufficient to attribute liability. *Brown*, 894 F.2d at 1537.

Further, the record evidence demonstrates Barton responded reasonably to the risk that he perceived. Barton and Dill took reasonable steps to alleviate the unspecified risk presented by the cell assignment. Dill told the inmates to wait so he could call control center for additional information and inquire about a different assignment for one of them. (ECF No. 25-3; ECF No. 25-7.) Barton called and received confirmation that a sergeant would be reporting to the unit to address the issue. (ECF No. 25-3.) Schiefel responds stating he was not informed that a sergeant was called. (ECF No.29-8.) Whether Schiefel was aware that such a call was placed, is irrelevant to the fact of it having been placed. Scheifel further argues

3

that Barton did not respond reasonably, instead encouraged a fight by noting that the housing assignment appeared to be working as Taylor and Schiefel were not fighting at that moment. (ECF No. 29, PageID.198.)  However, even taking this allegation as true, though Barton denies having made any such statement, (ECF No.25-3) it cannot be said to be encouraging a fight; rather, it is merely noting that Schiefel and Taylor were not fighting.  Barton should "be found free from liability [as he] responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

Schiefel has failed to demonstrate that Barton perceived a sufficiently substantial risk of serious harm to Schiefel, and therefore, has not established that Barton acted with the requisite culpable state of mind for his claim.  Further, Barton responded reasonably to the perceived risk to Schiefel.  Barton should be granted summary judgment.

### B. Schiefel cannot establish the objective or subjective components of his excessive force claim.

Schiefel has failed to establish either the objective or subjective component of an Eighth Amendment excessive force claim.  Barton used only the minimum force necessary to stop a fight between two inmates and applied such force in a good faith effort to restore order and discipline to the facility and prevent further injury.

The evidence shows that Barton was the first officer to respond to an ongoing fight between two prisoners. (ECF No. 25-3, ECF No.25-5/ECF No.28 (flashdrive).) Barton immediately acted to end the fight as quickly as possible by ordering them to

4

stop fighting, and upon that failing, deploying his ECD. (ECF No. 25-3.)

Schiefel's response focuses primarily on his continued assertion that he was victim of an attack by Taylor, and on an alleged contradiction in between Barton's declaration and the critical incident report. Whether Schiefel or Taylor struck first is irrelevant. Barton came upon this altercation as it was already in progress, and his responsibility was, to restore order and prevent further harm. (*Id.*) There is no evidence that Barton knew, or cared, who started the fight. Further, there is no evidence that such knowledge would have changed Barton's responsibilities or actions.

Schiefel further argues an alleged contradiction between Barton's declaration and the contents of the critical incident report. (ECF No. 29, PageID.199.) The statement which Schiefel asserts is contrary to Barton's Declaration, is a summary of the investigation, not Barton's narrative. (ECF No. 29-7, PageID.238.) Barton's narrative is located later in the report. (ECF No. 27-1, PageID.178.) Of note, the two are not contradictory; however, even to the extent that they are, Barton's narrative is consistent with his declaration. (ECF No. 27-1, PageID.178; ECF No. 25-3.)

The only contradiction is between Schiefel's assertion he was on the floor with Taylor over him, and the video evidence showing Schiefel on top of Taylor. Schiefel's response attempts to create another contradiction where none exists, claiming Barton alleges that "[Schiefel] was standing over Taylor assaulting Taylor", which Schiefel asserts is contradictory to critical incident report. (ECF No.

5

29, PageID.194.) Schiefel's response, again, cites to the summary of the investigation for support, not Barton's narrative. (*Id.*) Barton never makes this assertion. (*See generally* ECF No. 25-3.) What Barton encountered when opening the door to Schiefel and Taylor's cell was Schiefel on top of Taylor, not Taylor on top of Schiefel, as is confirmed by video evidence. (ECF No. 25-3, ECF No.25-5/ECF No.28 (flashdrive).) As Schiefel's assertion is contradicted by the video evidence and Barton's is confirmed, Schiefel's claim should not be adopted. *Scott v. Harris*, 550 U.S. 327, 380 (2007).

Further, Schiefel has provided no evidence to prove the objective component of an excessive force claim. Barton ultimately used the minimum force necessary and only used physical force, after initially attempting to intervene verbally without using his ECD. The amount of force that was used, was the minimum needed to gain control of prisoners who were actively fighting and who refused to comply with verbal commands. As noted in *Guile v. Spence*, "[t]he objective component [of an excessive force claim] requires that the use of force be more than de minimis." *Guile*, 2022 WL 658711 at *4, citing *Alexander v. Ojala*, No. 17-2357, 2018 WL 5905588, at *3 (6th Cir. May 29, 2018) (finding that the use of a taser to stop an altercation, which resulted in pain, muscle cramps, and difficulty sleeping, was de minimis despite plaintiff's assertion that he had stopped actively fighting when he was tased). Given the circumstances, Barton's deployment of his ECD did not amount to more than a de minimis use of force.

Based on the foregoing, Schiefel cannot prove either the subjective or objective

component of his Eighth Amendment claim. As a result, the claim is fundamentally flawed, and Defendant Barton should be granted summary judgment.

## CONCLUSION

Schiefel has failed put forth evidence from which a jury could reasonably find for him, as is required to impose liability under 42 U.S.C. § 1983. Defendant respectfully requests this Honorable Court grant his motion for summary judgment and dismiss all claims against him with prejudice.

Respectfully submitted,

*/s/ James Keathley*
James Keathley (P77488)
Michigan Dept. of Attorney General
Assistant Attorney General
Attorney for Defendant
Corrections Division
P.O. Box 30736
Lansing, MI 48909
(517) 335-3055
Keathleyj@michigan.gov

Dated: December 11, 2024

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on December 11, 2024, I electronically filed the foregoing document together with this Certificate of Service with the Clerk of the Court, which will provide electronic copies to counsel of record, and placed same in the U.S. Mail to non-ECF participant:

Brandon Schiefel #495212
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, MI 48846

*/s/James Keathley*
James Keathley (P77488)
Assistant Attorney General
Attorney for MDOC Defendant Barton