United States District Court
Western District of Michigan
Southern Division

Brandon Schiefel #495212
Plaintiff

V

C/O Evan Barton, et al.,
Defendants.

FILED - GR
January 24, 2025 10:49 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB  SCANNED BY: /s/ 1/24

No. 1:22-cv-01216

Magistrate Judge
Phillip J. Green

---

Brandon Schiefel #495212
In Pro Per
Jackson Correctional Facility
3500 N. Elm Road
Jackson MI, 49201

James E. Keathely (P77488)
Assistant Attorney General
Attorney for MDOC Defendants Barton
Michigan Dept. of Attorney General
Corrections Division
P.O. Box 30217
Lansing MI 48909
(517) 335-3055
KeathelyJ@michigan.gov

Plaintiff's reply brief in opposition of Defendants motion for Summary Judgement.

A. Schiefer has demonstrated that Barton had the requisite culpable state of mind for his failure to protect claim.

"There is no question that prison officials have an affirmative duty to protect inmates from violence perpetrated by other inmates." Wilson v. Yaklich, 148 F.3d 596, 600 (6th Cir. 1998) "The protection an inmate is afforded against other inmates as a condition of confinement is subject to the strictures of the eighth Amendment." Wilson v. Seiter, "To show that the alleged mistreatment was objectively "sufficiently serious" the plaintiff must show he is incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834; Bishop v. Hackel, 636 F.3d 757, 766 (6th Cir. 2011) "An official is deliberately indifferent if he or she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists and he must also draw the inference." Farmer 511 U.S. at 837. In the context of inmate safety, there is no rule that plaintiff's cannot present general allegations to prove that each individual defendant has the requisite knowledge for deliberate indifference. Bishop v. Hackel, 636 F.3d 757 (6th Cir. 2011)

Here the plaintiff has produced several declarations stating that both Schiefel and Taylor expressed to Barton their fear for their safety and past fight as well as concern for being locked together do to a fight being imminent. A fight is a dangerous situation that could lead to serious injury even death. We told Barton of our past fight and fear of another fight happening. He could have drawn the inference from these facts. Instead of seperating us Barton forced us into the cell with one another ultimately forcing us into conditions of confinement posing a serious risk to inmate safety, actionable under the eighth Amendmant. The defendants only defense is a claim that Barton did not draw the inference and that the Plaintiff cannot produce evidence to prove so. "A Plaintiff satisfies the subjective component of a deliberate indifference claim based on officials failure to protect an inmate from a substantial risk of serious harm by showing that a jury could reasonably infer that (1) the official being sued subjectively percieved facts from which to infer a substantial risk to the prisoner, (2) the official did in fact draw the inference, and (3) the official then disregarded that risk. A Plaintiff may rely on circumstantial evidence to prove a defendants subjective knowledge. Young v. Campbell Cty., 846 Fed. APPx. 314 (6th Cir. 2021) The Plaintiff has presented more than enough evidence to show the defendant had the requisite state of mind to be held accountable for his failure to protect the Plaintiff.

The plaintiff has provided enough evidence to prove Barton acted with deliberate indifference and Barton should not be granted summary judgement on these claims. The defendants have contradicted themselves on multiple occasions, here in reply brief the defendants state that Barton and Dill took reasonable steps to alleviate the risk presented by the cell assignment by calling a sergeant (ecf no. 31, Page ID.250) However in defendants original brief they claim Dill was to call the sergeant, However Dill could not place the call so to the fight happening too fast (Dill declaration pg. 4) In Bartons declaration he claims to have called control prior to leaving the cell-side. This is impossible as Barton did not have a phone with him. If Barton had already called why would Dill then attempt to make another call while Barton resumed his "Duties" the defendants attempt to paint the plaintiff who is a victim in the matter as a bad guy. The video requested by the plaintiff as evidence does not confirm Bartons side of events. The plaintiff neither struck Taylor nor was he on top of Taylor as defendants attempt to make Schiefel the assailant. The video shows Schiefel and Taylor side by side after already being tased and does not show Schiefel attempting to dodge the Ecd. The plaintiff has produced more than enough evidence that a reasonable jury could find in his favor and summary judgement should not be granted as a matter of law.

B. Schiefel has established the objective and subjective components of his excessive force claim.

Barton not only forced the plaintiff into conditions posing a serious risk to his safety he also tased a non-recalcitrant inmate in the back of his head causing life altering damage to his brain, ears and eyes. The plaintiff suffers headaches daily, blurred vision which will impact future ability to work and ringing in the ears which alters his ability to hear and therfor impacts his future ability to work, rendering the injury more than de minimus. Satisfying the objective portion of the claim. Barton has failed to prove he is free of liability and relies on a system of lies and coached testimony. Barton was found by his employers to be wrong in the situation and was ultimately fired as a result. The ECD works by shocking the nearest muscle with 59,000 volts of electricity. When plaintiff was shot in the head the nearest muscle is the brain. The plaintiff was electrocuted in the brain for several seconds and do to a lack of medical care has no idea what kind of neurological damage he now suffers from. As a result of Bartons in-actions the plaintiff must endure daily pain and suffering. The Plaintiff respectfully asks the court to adopt his claim and deny Barton summary judgement as plaintiff has proved both prongs for his claim.

## Conclusion

Schiefel has proven all factors of his case and provided enough evidence to show Barton had a requisite state of mind, was given multiple facts from which he could draw an inference and disregarded that risk by laughing at the plaintiff and his attacker and antagonizing a fight. He then thereafter proceeded to shoot the plaintiff in the head with a taser, based on the facts presented a reasonable jury could infer that Barton acted with malice and intended to cause harm, therfor Barton should not be granted summary judgement.

Brandon Schiefel #495212
Jackson Correctional Facility
3500 N. Elm road
Jackson MI 49201

Clerk of the Court
399 Federal bldg, 110 michigan
NW Grand rapids MI
49503