UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

BRANDON SCHIEFEL #495212,

    Plaintiff,

v

C/O EVAN BARTON, *et al.*,

    Defendants.

NO. 1:22-cv-1216

MAG. PHILLIP J. GREEN

---

| | |
|---|---|
| Brandon Schiefel #495212<br>*In Pro Per*<br>G. Robert Cotton Correctional Facility<br>3510 N. Elm Road<br>Jackson, MI 49201 | James E. Keathley (P77488)<br>Assistant Attorney General<br>Attorney for MDOC Defendant Barton<br>Michigan Dept of Attorney General<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI  48909<br>(517) 335-3055 |

## JOINT STATUS REPORT

    NOW COME the parties pursuant to Order ECF NO. 37 setting a Rule 16 Scheduling Conference, and submit this Joint Status Report as follows:

    A Status/Scheduling Conference is scheduled for October 14, 2025 at 11:30 a.m.  Appearing for the parties will be:

For Plaintiff:

    Brandon Schiefel #495212
    Plaintiff, Pro Se

For Defendant:

    James E. Keathley (P77488)
    Assistant Attorney General
    Attorney for MDOC Defendant Barton.

1. **JURISDICTION**

The parties agree that this Court has jurisdiction to hear this case pursuant to 42 U.S.C.§ 1983.

2. **JURY OR NON-JURY**

If this case goes to trial, this case is to be tried before a jury

4. **GEOGRAPHIC TRANSFER**

The parties do not request a geographic transfer in this case.

5. **STATEMENT OF THE CASE**

Plaintiff's Statement of the Case:

Please see attached.

Defendants' Statement of the Case:

On March 24, 2021, Defendant was working in the 1200 Unit of Carson City Correctional Facility, where Plaintiff was housed. Defendant received information that non-party inmate Taylor was being assigned to Cell 18 in the housing unit, the same cell as Plaintiff. Taylor proceeded to the cell but returned to Defendant stating the assignment would not work without elaboration. Defendant was required to walk Taylor to the cell and order him to enter the cell, which Taylor did,

after which the door was closed.  Shortly after the door closed, one of the inmates began to press the emergency button in in the cell resulting in Defendant and another Corrections Officer reporting to the cell.  Both attempted to discern what the problem was, however, did not receive information to put them on notice of a specific danger to Plaintiff.

One of the inmates requested to see a sergeant, and which Defendant attempted to facilitate.  Shortly thereafter, Defendant heard abnormal sounds coming from cell 18 and discovered a fight occurring between Plaintiff and Taylor.  Defendant was not aware of any specific threat to Plaintiff nor was Plaintiff housed in an objectively dangerous environment, beyond the generalized dangers of being in prison.  To the extent that Defendant perceived a risk to Plaintiff's safety, he acted reasonably and did not violate Plaintiff's Eighth Amendment rights.

6. **PENDENT STATE CLAIMS**

This case does not include pendent state claims.

7. **JOINDER OF PARTIES and AMENDMENT OF PLEADINGS**

The parties do not anticipate any other amended pleadings, at this time.

8. **ALTERNATIVE DISPUTE RESOLUTION**

The parties were unable to reach a resolution at this time and request this matter be set for a settlement conference with the Magistrate Judge.

9. **MOTIONS**

The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed and to file a separate statement affirmatively stating the efforts of the moving party to comply with the obligation created by Rule 7.1(d).

Dated:                                                  /s/ _____
                                                        Brandon Schiefel #495212
                                                        Plaintiff


Dated: October 8, 2025                                  /s/ *James E. Keathley*
                                                        James E. Keathley (P77488)
                                                        Assistant Attorney General
                                                        Attorney for MDOC Defendant Barton

Plaintiff's Statement of Claim.

On March 24, 2021 the plaintiff was house in cell 18 of 1200 unit at Carson City Correctional Facility. On this date inmate Taylor was assigned to this same cell. When Taylor noticed the plaintiff in the same cell, he set his bag down and returned to the control panel at which point Taylor began arguing with Defendant Barton about the cell assignment informing Barton of our past fight and concerns of another fight happening. Defendant Barton then escorted Taylor to the cell and both plaintiff and Taylor began to tell Barton of the past fight and fears of the imminent danger being present. The plaintiff told Barton he feared for his safety at this point Defendant Barton told plaintiff to get on his bunk when the plaintiff protested Defendant Barton reached for his tazer and gave plaintiff a direct order to get on the bunk. He then ordered Taylor into the same cell, Taylor protested as well, Barton again reached for his tazer and ordered Taylor into the cell. Immediately upon Defendant Barton walking away the plaintiff began hitting the emergency call button, Defendant Barton and Non-Party Dill returned to the cell side. Plaintiff again told Barton the lock wouldn't work and requested a Sgt. Defendant Barton never informed plaintiff or Taylor he would call a Sgt and instead laughed at the plaintiff and said "Looks like it is working if you aint fighting yet" and walked away. At this point the plaintiff was assaulted by Taylor. Defendant Barton's actions placed the plaintiff under conditions of confinement that posed a threat to the plaintiff's safety violating the 8th Ammendment.