IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON SCHIEFEL #495212,

Plaintiff,

Case No: 1:22-cv-1216

-v-

Hon.: Hala Y. Jarbou
Mag: Phillip J. Green

EVAN BARTON,

Defendant.

| | |
|---|---|
| Ian T. Cross (P83367)<br>Attorney for Plaintiff<br>402 W. Liberty St.<br>Ann Arbor, MI 48103<br>(734) 994-9590<br>ian@lawinannarbor.com | James E. Keathley (P77488)<br>Assistant Attorney General<br>Attorney for MDOC Defendant Barton<br>Michigan Dept of Attorney General<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI 48909<br>(517) 335-3055 |

_____

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S PRISON DISCIPLINARY HISTORY NOT PERTAINING TO THE EVENTS OF MARCH 24, 2021

Pursuant to Federal Rules of Evidence 104(a), 401, 402, 403, and 404, Plaintiff moves this Honorable Court to enter an Order in Limine precluding the Defendant, and his counsel, from referencing or presenting any evidence or testimony regarding Plaintiff's prison disciplinary record, other than any entries specifically pertaining to the events of March 24, 2021.

1

Plaintiff conferred in good faith with Defendants in seeking concurrence for the relief sought in this motion, as well as several other evidentiary matters that were agreed upon and resolved. The above issue remains in controversy. Plaintiff relies upon his accompanying Brief in Support of his Motion in Limine to Exclude Testimony and Evidence at Trial.

Respectfully submitted,

Date: December 17, 2025

*/s/Ian T. Cross*
Ian T. Cross (P83367)
Attorney for Plaintiff
402 W. Liberty St.
Ann Arbor, MI 48103
734-994-9590
ian@lawinannarbor.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON SCHIEFEL #495212,

Plaintiff,

Case No: 1:22-cv-1216

-v-

Hon.: Hala Y. Jarbou
Mag: Phillip J. Green

EVAN BARTON,

Defendant.

| | |
|---|---|
| Ian T. Cross (P83367)<br>Attorney for Plaintiff<br>402 W. Liberty St.<br>Ann Arbor, MI 48103<br>(734) 994-9590<br>ian@lawinannarbor.com | James E. Keathley (P77488)<br>Assistant Attorney General<br>Attorney for MDOC Defendant Barton<br>Michigan Dept of Attorney General<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI 48909<br>(517) 335-3055 |

_____

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S PRISON DISCIPLINARY HISTORY NOT PERTAINING TO THE EVENTS OF MARCH 24, 2021**

# INTRODUCTION

The issues in this case are narrow: whether Defendant Evan Barton, a corrections officer at the Carson City Correctional Facility, exhibited deliberate indifference to Plaintiff Brandon Schiefel's need for protection from assault by other inmates on March 24, 2021, when he placed another inmate who had recently been involved in a violent altercation with Plaintiff in Plaintiff's cell, locked the door, and left the two prisoners alone over Plaintiff's vigorous objections. The other inmate proceeded to attack Plaintiff within a few minutes.

It is anticipated that Defendant may attempt to introduce evidence of Plaintiff's prison disciplinary record, either to generally attack Plaintiff's "credibility," or to imply that Plaintiff must have started the fight because he is a violent person. This is what Rule 404(b)(1) expressly prohibits. Plaintiff's unrelated prior bad acts are not relevant to the issues to be litigated in this action, are highly prejudicial, and should be excluded under Federal Rules of Evidence 402, 403 and 404.

# ARGUMENT

Pursuant to Rule 404(b), "a court may admit evidence of a defendant's 'other' or 'similar' bad acts or crimes only if the evidence is probative of a relevant fact, and not to show the defendant's 'character' or 'propensity' to commit bad acts." *United States v. Mack,* 258 F.3d 548, 552-53 (6th Cir. 2021) (quoting *United States*

4

*v. Clemis,* 11 F.3d 597, 600 (6th Cir. 1993)). Relevant facts include "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "To admit evidence under Rule 404(b), the trial court must follow three steps: (1) make a preliminary determination that enough evidence exists that the prior act actually occurred; (2) determine whether the other acts evidence is being offered for a proper purpose under Rule 404(b); and (3) determine whether the other acts evidence is more prejudicial than probative under Federal Rule of Evidence 403." *United States v. Thompson,* 690 Fed. Appx. 302, 307 (6th Cir. 2017). 'Unfair prejudice,' for purposes of Rule 403, "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States,* 519 U.S. 172, 180 (1997) (quoting Rule 403 advisory committee's note to 1972 proposed rule).

There is no permissible purpose under Rule 404 for introducing evidence of Plaintiff's unrelated prison rule violations. *See Lewis v. Velez,* 149 F.R.D. 474, 479-481 (S.D.N.Y. 1993) (holding that, "[t]he disciplinary record of a § 1983 plaintiff should be excluded if offered to show that the plaintiff is 'a violent person and that he, therefore, must have been the aggressor and precipitated the assault.'") (quoting *Lataille v. Ponte,* 754 F.2d 33, 37 (1st Cir. 1985)). Even if there were some permissible purpose for introducing it, evidence of Plaintiff's various unrelated rule violations throughout his years of incarceration has little to no probative value and carries an extreme risk of suggesting a decision on an improper basis. *See Easley v.*

5

*Haywood*, 2015 U.S. Dist. LEXIS 55463 at *9 (S.D. Ohio Apr. 18, 2015) ("the introduction of Plaintiff's disciplinary record would be unfairly prejudicial because of the high risk that the jury would conclude Plaintiff is generally a bad, violent individual and, as a result, disregard his testimony").

District courts in the Sixth Circuit have frequently excluded evidence of prisoners' institutional disciplinary records under Rules 404 and 403. *See, e.g., Carter v. Ricumstrict,* 2012 U.S. Dist. LEXIS 92883 at *4-*5 (E.D. Mich. Jul. 5, 2012) (in excessive-force case, excluding plaintiffs' seventy prior prison misconduct tickets as both irrelevant and highly prejudicial); *Lovett v. Cole,* 2014 U.S. Dist. LEXIS 157756 at *11-*14 (S.D. Ohio Nov. 7, 2014); *Alexander v. Hoffman,* 2019 U.S. Dist. LEXIS 162918 at *3 (E.D. Mich. 2019); *Moore v. Parker,* 2016 U.S. Dist. LEXIS 160701 at *6-*7 (W.D. Ky. Nov. 21, 2016) (holding plaintiff's prison disciplinary record inadmissible; "[e]ven if particular entries in Moore's record happened to be relevant, there appears to be a distinct risk of unfair prejudice, *see* Fed. R. Evid. 403, particularly so if the jury viewed Moore's prior misconduct as character, or propensity, evidence"). The Plaintiff's disciplinary history should likewise be excluded in this matter.

Respectfully Submitted,

Dated: December 17, 2025

*/s/Ian T. Cross*
Ian T. Cross (P83367)

6

Attorney for Plaintiff
402 W. Liberty St.
Ann Arbor, MI 48103
734-994-9590
ian@lawinannarbor.com